IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1879-M-BN |
| | § | |
| GREENTREE SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn. Plaintiff Marsha Chambers filed a Motion to Remand ("Motion") this action to state court. *See* Dkt. Nos. 6 & 8. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Motion should be denied.

**Background**

Plaintiff Marsha Chambers, proceeding *pro se*, filed this lawsuit in Texas state court against Defendant Greentree Servicing, LLC ("Defendant") on April 15, 2015. *See* Dkt. No. 1-2 at 1. Plaintiff alleges several claims, including common law fraud, money had and received, and violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.46(b)(12), and of Texas Finance Code §§ 392.301(a)(7-8), 392.302(4), and 392.303(a)(2). *See id.* at 33. Defendant waived service and appeared

on April 30, 2015. *See* Dkt. No. 1 at 2. On May 29, 2015, Defendant removed the case based on diversity of citizenship. *See* Dkt. No. 1.

Plaintiff moves to remand, contending that Defendant's removal was not timely, that there is not complete diversity between the parties, and that the amount in controversy is below the federal threshold of $75,000 required by 28 U.S.C. § 1332(a)(1). *See* Dkt. Nos. 6 & 8. Defendant filed a response opposing remand, *see* Dkt. No. 9, and Plaintiff filed a reply, *see* Dkt. No. 11.

The undersigned now concludes that, because the removal was timely, there is complete diversity between the parties, and the amount in controversy is within the Court's jurisdiction, the Court has subject-matter jurisdiction, the Motion should be denied, and this action should proceed in this Court.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v.*

*Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Notice of removal must be filed by the removing party within 30 days of defendant's receipt of service of the initial state-court pleading. *See* 28 U.S.C. § 1446(b). This thirty-day period to remove a case from state court does not begin to run until simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but, absent waiver of service, not by mere receipt of the complaint unattended by any formal service. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348-51 (1999).

Under Texas Rule of Civil Procedure 106, acceptable service is accomplished by "delivering to the defendant, in person, a true copy of the citation" or "mailing to the defendant by registered or certified mail ... a true copy of the citation." TEX. R. CIV. P. 106. The citation, unless directed otherwise by the court, must be delivered in person or by certified or registered mail. *See id.*; *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998). While a court does not have power over a party named as defendant in the absence of service, the defendant can waive service. *See Murphy Bros., Inc.,* 526 U.S. at 350-51 ("In the absence of service of

process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. .... Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." (citations omitted)).

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co,* 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Individuals are citizens of the states where they are domiciled, as "for purposes of federal diversity jurisdiction, 'citizenship' and 'domicile' are synonymous." *Hendry v. Masonite Corp,* 455 F.2d 955, 955 (5th Cir. 1972). For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of all its members. *See Tewari De-Ox Sys, Inc. v. Mountain States/Rosen Liab. Corp.,* 757 F.3d 481, 483 (5th Cir. 2014); *Harvey,* 542 F.3d at 1080.

The amount in controversy is the "value of the object of the litigation." *Leininger*

*v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) (internal quotation marks omitted).

If no amount of damages has been alleged in the state-court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

The court looks "only to the face of the complaint" and asks "whether the amount in controversy exceeds the jurisdictional limit." *Ervin v. Sprint Commc'ns Co. LP,* 364 F. App'x 114, 117 (5th Cir. 2010) (internal quotation marks omitted); *see also Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). Jurisdictional facts are determined "as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Only if the amount in controversy is not readily apparent from the state-court petition may the Court consider other evidence to determine the amount in controversy at the time of removal. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996). For instance, post-removal

declarations are generally not a part of determining an amount in controversy. *See Ford v. United Parcel Serv., Inc. (Ohio),* No 3:14-cv-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug 21, 2014). They can only be considered if the jurisdictional amount was ambiguous on the face of the state petition or at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880,883 (5th Cir. 2000); *St. Paul Reinsurance Co.,* 134 F.3d at 1254 n.18. If the state-court petition on its face satisfies the amount-in-controversy requirement, a plaintiff's later attempt to "clarify the amount in controversy cannot divest jurisdiction." *Robinson v. Wal Mart Stores Texas, LLC.,* 561 F. App'x 417, 418 (5th Cir. 2014).

**Analysis**

Timely Removal

Defendant timely removed this case.

A defendant must remove an action within thirty days of its receipt, through service or otherwise, of the initial pleading or summons. *See* 28 U.S.C. § 1446(b). Texas litigants must serve their citations – either in person or by certified or registered mail – to the opposing party, its registered agent, or its attorney of record. *See* TEX. R. CIV. P. 106. While Plaintiff attempted to serve Defendant by certified mail, the mail was sent to an incorrect address, *see* Dkt. No. 1 at 2, and returned to her, *see* Dkt. No. 8 at 3. But Defendant waived service and appeared on April 30, 2015. *See* Dkt. No. 1 at 2.

Plaintiff contends that she mailed copies of the lawsuit to at least one of Defendant's out-of-state addresses prior to April 30, 2015, *see* Dkt. No. 8 at 3, but these mailings were not by certified or registered mail and therefore were not proper service,

*see* TEX. R. CIV. P. 106. Neither party alleges that Defendant otherwise received the pleading or summons.

Plaintiff's allegation that Defendant knew or should have known about the lawsuit prior to its April 30, 2015 waiver of service, *see* Dkt. No. 8 at 3, is irrelevant because Defendant had no obligation to remove prior to its receipt or waiver of service, *see Murphy Bros.*, 526 U.S. at 347-48, 350-51; *Scoggins v. Best Indus. Unif. Supply Co.*, 899 S.W.2d 276, 278 (Tex. App. – Houston [14th Dist.] 1995, no writ) ("However, a defendant's 'knowledge' of a lawsuit does not place any duty on the defendant to answer absent service or waiver of citation. Any knowledge that appellant may have had of this amended petition did not constitute 'service of process.'" (citation and emphasis in original omitted)).

Defendant had thirty days from the date on which it waived service in which to remove, which was May 30, 2015. *See* 28 U.S.C. § 1446(b); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, Civ. A. No. H-10-3828, 2010 WL 5173004, at *4 (S.D. Tex. Dec. 14, 2010). Defendant removed this case on May 29, 2015, *see* Dkt. No. 1, and therefore Defendant's removal was timely.

<u>Complete Diversity</u>

Plaintiff's argument that there is not complete diversity also fails.

There is no dispute that Plaintiff is a Texas citizen. *See* Dkt. No. 1 at 3; Dkt. No. 1-2 at 2; Dkt. No. 6; Dkt. No. 8. Defendant is a limited liability company, the members of which are incorporated in Maryland and Delaware, with principle places of business in Florida and Minnesota. *See* Dkt. No. 1 at 3-4. The citizenship of an LLC is

determined by the citizenship of all of its members. *See Harvey,* 542 F.3d at 1080. No member of Defendant is a citizen of, incorporated in, or has its primary place of business in Texas. *See* Dkt. No. 1 at 5. The parties are therefore completely diverse.

Plaintiff's allegation that Defendant owns property in Texas is irrelevant, *see* Dkt. No. 8 at 3-4, because any such ownership is not the foundation for determining citizenship for the purposes of jurisdiction, *see, e.g.*, 28 U.S.C. § 1332.

The complete-diversity requirement is satisfied.

Amount in Controversy

The sum named in the plaintiff's state-court petition is the foundation for determining the amount in controversy. *See* 28 U.S.C. § 1446(c)(2). While the property in question may be worth only $18,660, *see* Dkt. No. 11 at 2, that is not the basis for determining amount in controversy, because Plaintiff's claims are not limited to a claim seeking the property, *see Leininger,* 705 F.2d at 729.

Rather, Plaintiff has pled some of her claims together and some of her claims in the alternative. *See* Dkt. No. 1-2 at 1. Most importantly, Plaintiff explicitly stated in her original petition that "Plaintiff estimates her actual damages ... to be approximately $55,000 - $65,000." Dkt. No. 1-2 at 37. Plaintiff also seeks damages for "special mental anguish [and] emotional distress." *Id.* Finally, Plaintiff seeks exemplary damages "approximately three times the amount of the actual damages." *Id.* "The amount in controversy may include punitive damages if they are recoverable as a matter of state law." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012). Plaintiff alleges claims for fraud, and Texas law permits exemplary or punitive

damages awards upon a showing of fraud or malice. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a).

Plaintiff therefore stated in her original petition that she was seeking damages of $165,000 to $195,000, because she named her actual damages as above $55,000 and claimed her exemplary damages were three times the actual damages. *See* Dkt. No. 1-2 at 37. This is above the $75,000 threshold for diversity jurisdiction cases. *See* 28 U.S.C. §§ 1332(a), (b).

The undersigned recognizes that Plaintiff asserts a different accounting of damages in her reply. *See* Dkt. No. 11 at 14. But the face of the petition provides the sole basis for determining the amount of damages claimed, unless the amount is not "readily apparent." *S.W.S.*, 72 F.3d at 492. Plaintiff's petition clearly stated the amount of her damages and that she was entitled to exemplary damages. *See* Dkt. No. 1-2 at 37. Thus, Plaintiff pleaded her claims as within this Court's jurisdiction, and the Court cannot now deny jurisdiction based on subsequent events. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Under these circumstances, Plaintiff's allegation in a reply in support of a motion to remand cannot alter the amount in controversy when the "proper procedure is to look only at the face of the complaint." *Allen*, 63 F.3d at 1336.

Likewise, any additional information Plaintiff later submitted to the Court, such as the "Affidavit of Marsha Chambers Concerning Value of Property" [Dkt. No. 12], is irrelevant, because jurisdictional facts are established "as of the time the complaint is filed," not later. *St. Paul Reinsurance Co.*, 134 F.3d at 1253. And post-removal

affidavits are relevant only when the original complaint is ambiguous. *See Gebbia,* 233 F.3d at 883. Plaintiff's amount-in-controversy allegations in her petition, as discussed above, were not ambiguous, and Plaintiff's "attempt to modify her petition post-removal to 'clarify' the amount of damages cannot divest the court of subject-matter jurisdiction." *Robinson*, 561 F. App'x at 418; *see also Ford*, 2014 WL 4105965, at *4.

Finally, this case was removed exclusively on the basis of diversity jurisdiction, so Plaintiff's arguments in her motion to remand regarding the lack of a federal question are irrelevant. *Compare* Dkt. No. 1, *with* Dkt. No. 6 at 3; Dkt. No. 8 at 5.

**Recommendation**

The undersigned concludes that the removal of this action was timely, that there is complete diversity between the parties, that the amount in controversy exceeds $75,000, and that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court should deny Plaintiff's motion to remand [Dkt. Nos. 6 & 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE