IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA CHAMBERS and JERRY CHAMBERS, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:15-cv-1879-M-BN |
| GREEN TREE SERVICING LLC, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Marsha Chambers has filed a motion for extension of time to file dispositive motions, *see* Dkt. No. 99, and a joint status report in support of that motion, *see* Dkt. No. 100, to which is attached a proposed motion seeking, among other things, reconsideration of the dismissal with prejudice of the claim for intentional infliction of emotional distress, *see* Dkt. No. 100-1.

Motions for reconsideration are made pursuant to Federal Rule of Civil Procedure 59(e), which allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) allows reconsideration of a final judgment where a party shows a need to: (1) correct a clear error of law or prevent manifest injustice;

(2) present newly discovered evidence; or (3) reflect an intervening change in controlling law. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Although district courts have discretion as to whether or not to reopen a case under Rule 59(e), that discretion is not unlimited. The United States Court of Appeals for the Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, "[i]t is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)," *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), but "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and Rule 59(e) cannot be used to raise arguments or legal theories that could, and should, have been made before the judgment issued or to rehash evidence, *see id.; Rosenzweig*, 332 F.3d at 863.

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment, order, or proceeding. *See* FED. R. CIV. P. 60(b). Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been

satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* 60(b)(1)-(6). Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (internal quotations and alterations omitted); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (explaining that the "residual clause" of Federal Rule of Civil Procedure 60(b)(6) is "used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances" (internal quotation marks omitted)).

In their Second Amended Complaint [Dkt. No. 58], Plaintiffs Marsha Chambers and Jerry Chambers asserted a claim for intentional infliction of emotional distress based on allegations that agents for Defendant Ditech Financial LLC f/k/a/ Green Tree Servicing LLC and its predecessors told Plaintiff Marsha Chambers that she was required to make payments on a residential mortgage loan even though they knew that Marsha Chambers had not been allowed to assume the loan, as she believed, and with knowledge that the septic system for the residence had been condemned and, as a result, there was no indoor plumbing.

Defendant filed a motion to dismiss all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 78.

The undersigned entered Findings, Conclusions, and Recommendations ("FCR")

on the motion to dismiss. *See* Dkt. No. 91. As to the intentional infliction of emotional distress claim, the undersigned concluded that Plaintiffs did not plead facts to show that emotional distress was the intended consequence or primary risk of Defendant's alleged behavior. The undersigned also concluded that, "even if Plaintiffs had sufficiently pleaded an intentional infliction of emotional distress claim," the claim was barred by the two-year statute of limitations and "the pleadings fail to raise some basis for applying the discovery rule, tolling, or the like." *Id.* at 21.

Plaintiffs filed objections to the FCR in which they argued that the statute of limitations was tolled until April 19, 2016, when one of Defendant's representatives was deposed. According to Plaintiffs, the Ditech representative testified that all Ditech agents, wherever located, have access to the same information concerning the mortgage loan at issue in this case. *See* Dkt. Nos. 91 & 92. Plaintiffs argued that they could not assert an intentional infliction of emotional distress claim based on this "newly discovered evidence" until after the deposition because they could not have previously discovered that all, instead of only some, of Defendant's agents had the same information when they contacted Plaintiffs.

Chief Judge Lynn accepted the FCR and dismissed with prejudice the intentional infliction of emotional distress claim. *See* Dkt. No. 96. Chief Judge Lynn also entered a Final Judgment as to Certain Claims, including the intentional infliction of emotional distress claim as brought by Plaintiff Jerry Chambers. *See* Dkt. No. 97. More specifically, all claims asserted by Plaintiff Jerry Chambers were dismissed with prejudice, and final judgment has been entered as to those claims pursuant to Federal

Rule of Civil Procedure 54(b), although the judgment dismissing Plaintiff Marsha Chamber's claim for intentional infliction of emotional distress is interlocutory. *See id.* at 1; *see generally* FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

In the proposed omnibus motion, which includes a motion for leave to file a motion for reconsideration, Plaintiff Marsha Chambers seeks reconsideration of the conclusion that the intentional infliction of emotional distress claim is barred by the statute of limitations. *See* Dkt. No. 100-1. Because Plaintiff filed the Motion within 28 days of the date of the judgment or order complained of, it is considered a Rule 59(e) motion. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed.").

Plaintiff Marsha Chambers' motion does not contain any argument that would

justify reconsideration under Rules 59(e) or 60(b). Instead, she is improperly attempting to relitigate the intentional infliction of emotional distress claim.

The undersigned concluded that Plaintiffs failed to allege sufficient facts to state a claim for intentional infliction of emotional distress. As a result, that claim was properly dismissed with prejudice regardless of the Court's observation that the claim could be dismissed for another reason: the statute of limitations had been tolled. Because the claim was properly dismissed for failure to state a claim, reconsideration of the statute of limitations issue would be futile, especially since the alleged newly discovered evidence has been previously presented to both the undersigned and Chief Judge Lynn and rejected by both.

Accordingly, for all of these reasons, the undersigned recommends that the Court deny the motion for leave to file a motion for reconsideration [Dkt. No. 100-1] included in the proposed motion for leave attached to the joint status report.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATE: November 29, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE