IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1879-M-BN |
| | § | |
| GREEN TREE SERVICING LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The parties filed cross-motions for summary judgment and Plaintiff Marsha Chambers subsequently filed an omnibus motion that includes a motion for leave to amend her complaint.

Defendant Ditech Financial LLC f/k/a/ Green Tree Servicing, LLC filed a motion for summary judgment and contends that Plaintiff cannot establish at least one element of each of her two remaining claims. *See* Dkt. No. 108. Plaintiff filed a response, *see* Dkt. No. 117, and Defendant filed a reply, *see* Dkt. No. 124.

Plaintiff filed a cross-motion for partial summary judgment. *See* Dkt. No. 111. Plaintiff seeks a no-evidence partial summary judgment, or, alternatively, a traditional partial summary judgment on liability but not damages on both of her remaining

claims. Defendant filed a response, *see* Dkt. No. 120, and Plaintiff filed a reply, *see* Dkt. No. 123.

While the motions for summary judgment were pending, Plaintiff filed a motion to, among other things, amend her complaint, *see* Dkt. No. 125, and Defendant filed a response, *see* Dkt. No. 127.

The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

## Background

The District Court granted in part and denied in part Defendant's motion to dismiss and entered Final Judgment on the dismissed claims. *See* Dkt. No. 78 (Defendant Ditech Financial, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)); Dkt. No. 90 (Findings, Conclusions and Recommendation of the United States Magistrate Judge); Dkt. No. 93 (Order Accepting Findings and Recommendation of the Untied States Magistrate Judge); Dkt. No. 97 (Final Judgment as to Certain Claims).

Plaintiff's claims for violations of Texas Business and Commerce Code § 27.01, *see* Dkt. No. 58 at 34-45, and Texas Business and Commerce Code § 305.053, *see id.* at 66-72, are the only remaining claims. The parties have filed cross-motions for summary judgment on the remaining claims, and the undersigned will focus on the facts relevant to the summary judgment motions.

On September 2, 2008, Patricia Verm executed a Texas Home Equity Real Estate Note (the "Verm Note") to Green Tree Financial Servicing Corporation. *See* Dkt. No. 110-2. The Note was secured by a Texas Home Equity Deed of Trust (the "Deed of

Trust") pledging Verm's interest in property located in Kaufman, Texas (the "Property"). *See* Dkt. No. 110-3.

Defendant and its predecessors have been known by several names. On October 1, 1999, Green Tree Financial Servicing Corporation changed its name to Conseco Finance Servicing Corp. *See* Dkt. No. 110-4 at 2-3. On June 9, 2003, Green Tree Servicing LLC was formed, and Conseco Finance Servicing Corp. changed its name to Green Tree Servicing LLC. *See id.* at 4-7. On August 14, 2015, Green Tree Servicing LLC merged with various Ditech entities and changed their name to Ditech Financial LLC. *See id.* at 8-10. The term "Defendant," as used here, will include Ditech and its predecessor entities.

In her Second Amended Petition [Dkt. No. 58], Plaintiff alleges that she and Conseco entered a written loan assumption agreement in mid-September 2002 under which Conseco agreed to allow Plaintiff to assume Patricia Verm's mortgage loan. Plaintiff asserts that a Conseco representative prepared the written loan assumption agreement and instructed her to sign it. *See id.* Discovery has been completed, and no party has been able to locate any documentation establishing Plaintiff's allegation that she "assumed" Verm's loan obligation or that any representative of Conseco assured Plaintiff that she could assume the obligations from Ditech.

Plaintiff further alleges that, at that same meeting, but after the written loan assumption agreement was signed, she and Conseco entered a separate, oral agreement. The alleged oral agreement required Plaintiff to pay a set amount of money to purchase the right to assume the mortgage loan and for Conseco's services to

prepare the necessary loan assumption paperwork at its office. The alleged oral agreement also required Plaintiff to make six months' worth of payments on Patricia Verm's mortgage loan before Conseco would allow Plaintiff to assume the loan. And the alleged oral agreement required Plaintiff to prepare, and Plaintiff and Patricia Verm to sign, additional contractual documents to prove that Plaintiff was purchasing the Property from Patricia Verm and that Patricia Verm wanted Plaintiff to assume the mortgage loan.

On September 30, 2002, Plaintiff executed a Real Estate Promissory Note, which identified Patricia Verm as the lender but directed Plaintiff to tender payments to a payment address for Conseco Financial Services Corp, and Patricia Verm executed a General Warranty Deed granting, selling, and conveying her interest in the Property to Plaintiff. *See* Dkt. Nos. 110-5 & 110-6. At the time that Plaintiff obtained title to the Property, the loan agreement was not paid off, and Plaintiff took title subject to Defendant's lien.

In her live pleading, Plaintiff alleges that, at the time that she purchased the Property, Defendant told her that she could assume the Verm Note and deceived her into believing that she was personally liable for the Verm Note. According to Plaintiff, Defendant's action in causing her to believe that she was liable on the Verm Note caused her to remain in the property even though there was no working plumbing, caused her to pay amounts that she did not owe, and caused her great emotional distress. Plaintiff also alleges that Defendant made auto-dial telephone calls to her residential number to collect on a debt after she revoked consent to be contacted about

the loan agreement. *See* Dkt. No. 58 (Plaintiff's Second Amended Complaint).

Defendant seeks summary judgment on Plaintiff's remaining claims for violations of Sections 27.01 and 305.053 of the Texas Business and Commerce Code. Defendant argues that Plaintiff lacks evidence to establish at least one element of each claim.

Specifically, Defendant argues that it is entitled to summary judgment on the Section 27.01 claim because Plaintiff lacks evidence to support her allegations that Defendant made a false representation or false promise to her about assuming the Verm Note. And Defendant argues that it is entitled to summary judgment on the Section 305.053 claim because Plaintiff lacks evidence to show that she revoked her consent for Defendant to contact her regarding the loan agreement. *See* Dkt. No. 108 (Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC's Motion for Summary Judgment).

Plaintiff seeks a no-evidence or, alternatively, traditional summary judgment on her remaining claims. *See* Dkt. No. 121 (Plaintiff's Motion for a Partial No-Evidence Summary Judgment or Alternatively a Partial Traditional Summary Judgment on Just the Finding of the Defendant's Liability to the Plaintiff as a Matter of Law on the Business and Commerce 27.01 and 305.053 Claims and Leaving the Amount of Damages Open for the Jury to Determine). Plaintiff's motion mirrors Defendant's motion and relies on the same summary judgment evidence as her response to Defendant's motion.

Plaintiff subsequently filed a motion in which she seeks to establish rights of

survivorship in her heirs in this litigation. *See* Dkt. No. 125 (Advisory to the Court that Plaintiff Seeks Leave to File a Motion and to Establish Right of Survivorship in This Pending Action) (the "onmibus motion"); Dkt. No. 126 (Affidavit to Establish Right of Survivorship in this Pending Action). Plaintiff also seeks leave to file a motion to amend her complaint to add a Declaratory Judgment Action or, alternatively, for summary trial on the truthfulness and accuracy of Plaintiff's summary judgment evidence or, alternatively, for a jury trial setting or an order for continuing mediation. *See* Dkt. No. 126.

Defendant filed a response to the omnibus motion. *See* Dkt. No. 127. Defendant objects to Plaintiff's attempt to seek legal advice from the Court on what pleadings may or may not be filed. Defendant objects to Plaintiff's proposed request to file a third amended complaint as untimely under the Initial Scheduling Order and inappropriate while the cross-motions for summary judgment are pending. Defendant objects to Plaintiff's request for a jury trial on the accuracy, truthfulness, and admissibility of Plaintiff's sworn deposition and sworn affidavit evidence and Plaintiff's request that the case be set for jury trial or an order for continuing mediation. Defendant argues that the Court is entitled to ample time to review the cross-motions for summary judgment prior to determining if and when a trial should be scheduled and that, if neither motion is granted, Plaintiff's evidence should be considered in one, not a bifurcated, trial. Defendant also states that it has acted in good faith to resolve the dispute between the parties and will continue to do so but that the parties have significantly different views of the value of the lawsuit. Defendant also objects to

-6-

Plaintiff's characterization that its strategy appears to be to delay the case until she disappears or dies, and it takes no position as to the legal effect of the Affidavit to Establish Right of Survivorship in this Pending Action at this time. *See id.*

The undersigned now concludes that Defendant's motion for summary judgment should be granted, Plaintiff's motion for partial summary judgment should be denied, and Plaintiff's omnibus motion should be denied.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to

meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal

quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could

not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"When parties file cross-motions for summary judgment, [the Court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300,

303 (5th Cir. 2013) (footnote and internal quotation marks omitted).

## Analysis

I.  <u>Defendant's Motion for Summary Judgment should be granted.</u>

Defendant asserts that it is entitled to summary judgment because Plaintiff cannot establish at least one element on each of her claims.

A.  Texas Business and Commerce Code § 27.01 Claim

1.  Plaintiff cannot show that Defendant made a false promise or a false representation.

To prevail on a claim under Section 27.01 of the Texas Business and Commerce Code, Plaintiff must show "(a) false representation of a past or existing material fact, when the false representation [is] (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract; or (2) false promise to do an act, when the false promise [is] (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract." TEX. BUS. & COM. CODE § 27.01(a).

Plaintiff alleges that Defendant made a false promise or false representation that Plaintiff would be allowed to assume Patricia Verm's obligations under the Verm Note. According to Plaintiff, the oral agreement between Plaintiff and Conseco required Plaintiff to make six months' worth of payments on Patricia Verm's mortgage loan before Conseco would allow Plaintiff to assume the loan. *See* Dkt. No. 58 at 36 ("[T]he Conseco Representative ... made the false representation and the false promise that I

would be allowed to assume the mortgage loan ... after I paid the total of six monthly payments to Conseco ...").

During her deposition testimony, Plaintiff testified that she was required to timely make six months of payments before Defendant would be willing for her to assume the Verm Note. *See* Dkt. No. 110-12 at 2-4; Dkt. No. 119-1 at 81. Plaintiff also testified that she did not make timely payments for six months. *See id.* at 4-5. Plaintiff made payments in October, November, December, January, and March, but skipped the February payment. *See id.* at 5-6. Plaintiff agreed with Defendant's counsel's characterization that, if Conseco told her she had to make six months of payments in a timely manner in order to be considered for an assumption, she did not do what she needed to do. *See id.* at 7-8.

In her affidavit in support of her response to Defendant's motion for summary judgment, Plaintiff states that she was required to "pay at least the amount of six months worth of payments within the first six months so I could prove that I could pay for the loan" before she would be allowed to assume the Verm Note. *See* Dkt. No. 118 at 44. And, in her deposition, Plaintiff asserts that, even though she missed the February payment, she paid more than six months' worth of mortgage payments before March 30, 2002. *See* Dkt. No. 119-1 at 115. But the payment history establishes that the payments were not timely tendered under the terms of the loan agreement. It includes late charges during the initial six-month period. *See* Dkt. No. 119 at 93-94. And, under the terms of the Verm Note, payments were due on the third day of each month, not the thirtieth. *See* Dkt. No. 110-2 at 2.

According to both Plaintiff's allegations and testimony, Defendant represented that Plaintiff could assume the Verm Note if she complied with certain conditions, and one of the conditions for assuming the Verm Note was that she must make the first six months of payments timely. There is no summary judgment evidence to support a finding that either of those representations was false. Instead, the evidence shows that Plaintiff failed to comply with the conditions precedent to assuming the Verm Note – the timely tendering of the first six payments.

Because Plaintiff fails to establish that Defendant made a false statement, Defendant is entitled to summary judgment on the Texas Business and Commerce Code § 27.01 claim.

2.     The statutory fraud claim is barred by the statute of frauds.

Plaintiff's claim under Section 27.01 is also barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.051. Plaintiff testified that she knew as early as 2006 that she was not personally obligated for the Verm Note. Plaintiff testified that, in August 2006, "I knew ...I didn't owe them money. ... I did not legally have to pay Green Tree any money." *See* Dkt. No. 110-12 at 10-11. Plaintiff also testified that she was aware her name was not on the loan documentation and, therefore, she knew or should have known that she had not been allowed to assume the loan. Accordingly, the statute of limitations began to run in August 2006 and her claim, which was brought in 2015, is barred.

B.     Texas Business and Commerce Code § 305.053 Claim

The Verm Note became delinquent in 2005 and has, at various times over the

years, become delinquent again. When the Verm Note was delinquent, Defendant's representatives would contact the telephone number at the Property to discuss payments. Plaintiff also called Defendant at various times over the years to discuss payments.

Plaintiff's complaints about Defendant's calls have evolved during this litigation. She currently alleges that Defendant's calls violated Section 305.053 of the Texas Business and Commerce Code.

The Telephone Consumer Protection Act (the "TCPA") makes it unlawful for any person in the United States "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). Section 305.053 provides a cause of action for violations of the TCPA, 47 U.S.C. § 227. *See* TEX. BUS. & COM. CODE § 305.053.

Defendant argues that Plaintiff cannot marshal evidence to support her allegation that Defendant called her via "automated telephone equipment" and "without the prior express consent of the called party."

In the original state-court petition, which was verified by Plaintiff, Plaintiff alleged as part of a Texas Deceptive Trade Practices Act claim that Defendant made harassing phone calls to collect past due loan payments. *See* Dkt. No. 1-2 at 28-29; Dkt. No. 110-10 at 29-30. She also alleged a violation of Texas Debt Collection Practices Act, Texas Finance Code § 392.302(4), for "causing a telephone to ring repeatedly or continuously, or making repeated and continuous telephone calls with the intent to

harass a person at the called number." *See* Dkt. No. 1-2 at 33; Dkt. No. 110-10 at 34. But she did not allege in her petition that she asked Defendant not to contact her or that she revoked her consent to be contacted. *See* Dkt. No. 1-2; Dkt. No. 110-10.

In the amended complaint, which was verified by Plaintiff, Plaintiff alleged a violation of 47 U.S.C. § 227 for repeatedly contacting her by telephone when she was not personally liable for the loan agreement. *See* Dkt. No. 30 at 28. She asserts that Defendant "never informed Plaintiff that the Plaintiff could demand for Greentree to cease calling the Plaintiff's 'residential phone number.'" *Id.* at 31. But, again, Plaintiff did not allege that she asked Defendant not to contact her or that she revoked her consent to be contacted. Instead, Plaintiff blamed Defendant for not advising her that she could request no additional telephone calls.

These prior, verified allegations are in direct conflict with the allegations in her live pleading. In the Second Amended Complaint, which was verified by Plaintiff and filed fourteen months after the original state-court petition, Plaintiff alleged that Defendant violated Section 305.053 of the Texas Business and Commerce Code by placing approximately 1,421 auto-dialed telephone calls to Plaintiffs' residential phone number without her consent in an attempt to collect a debt. *See* Dkt. No. 58 at 66-72. Plaintiff alleges for the first time that "I specifically stated to the Greentree agents that unless my name was on the mortgage loan that Greentree had to stop calling my home phone number back in January of 2005. " Plaintiff further alleges that "I did not give permission for Greentree to call my home phone number unless Greentree was actually claiming that I legally was the person responsible for the mortgage loan and

I specifically stated to the Greentree agents that unless my name was on the mortgage loan that Greentree had to stop calling my home phone number back in January of 2005 when the first Greentree agent told me that I had no legal right to be in the house on Betty Lane." Dkt. No. 58 at 68-69. Plaintiff also stated in her affidavit in support of her response to Defendant's motion for summary judgment that she conditionally revoked consent to being called by Defendant's agents. *See* Dkt. No. 118 at 2-3, 35, 58.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Factual statements in superceded pleadings cease to be binding judicial admissions, but they are admissible evidence that can be weighed like any other admission against interest. *See First Bank of Marietta v. Hogge*, 161 F.3d 506, 510 (8th Cir. 1998); *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984); *Bank One, Texas, N.A. v. Prudential Ins. Co. of Am.*, 939 F. Supp. 533, 541 (N.D. Tex. 1996) (quoting *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1395 n.5 (5th Cir. 1983)); *see also* FED. R. EVID. 801(d)(2)(B). Thus, Plaintiff's verified allegations that fail to mention revocation of consent in 2005 are admissible statements against interest.

Moreover, Plaintiff has not produced competent summary judgment proof that Defendant used automated telephone equipment to contact her. Plaintiff includes an unauthenticated call log in her summary judgment evidence, but she fails to identify which, if any, of the calls were automated.

Plaintiff's self-serving and uncorroborated contention that she revoked consent

is contradicted by the overwhelming evidence in the record. Accordingly, Plaintiff has not raised a genuine dispute of material fact as to whether she revoked consent. *See Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp.3d 811, 815 (S.D. Tex. 2014) (citing cases).

II.    Plaintiff's motion for partial summary judgment should be denied.

Plaintiff's motion for partial summary judgment largely mirrors Defendant's motion for summary judgment and, notwithstanding the arguments made in Plaintiff's motion for partial summary judgment, she fails to establish entitlement to either a no-evidence or traditional summary judgment on either of her remaining claims because, as discussed above, she lacks evidence on at least one element of each of those claims. Her motion for summary judgment on her own claims – on which she bears the heavy burden to establish beyond peradventure all of the essential elements of her claims – therefore must be denied.

Accordingly, the undersigned will not repeat the arguments and analysis discussed above.

III.    Plaintiff's omnibus motion should be denied.

While the motions for summary judgment were pending, Plaintiff filed an omnibus motion that seeks to do several things. *See* Dkt. No. 125 (Advisory to the Court that Plaintiff Seeks Leave to File a Motion and to Establish Right of Survivorship in This Pending Action).

First, Plaintiff provides sworn statements in an effort to establish the right of survivorship in her heirs and to provide them the ability to be substituted into this

case "because the defendant's strategy appears to be to delay this case until maybe I will disappear or die." *See id.* at 2-3; Dkt. No. 126 (Affidavit to Establish Right of Survivorship in this Pending Action). Plaintiff "files these preemptive documents to prevent the dismissal of this case just in case the Plaintiff's [sic] dies while this case is still pending before this Court." *See* Dkt. No. 125 at 3. Any motion to establish survivorship rights in this litigation is premature.

Second, Plaintiff seeks leave to amend her complaint to add a Declaratory Judgment Action. Plaintiff seeks declaratory judgment concerning the legislative intent and interpretation of Texas Business and Commerce Code Section 27.01, Texas Business and Commerce Code Section 305.053, and 42 U.S.C.(b)(1)(B), and application of the summary judgment standards under Texas Rule of Civil Procedure 166a(c) in this case. Plaintiff admits that she could have included the Declaratory Judgment Action in her Second Amended Complaint. The deadline to amend pleadings was October 29, 2015, *see* Dkt. No. 23, and Plaintiff has not shown good cause to amend the scheduling order, *see* FED. R. CIV. P. 16(b)(4).

Plaintiff fails to explain why she could not have included this declaratory judgment claim in her previous motions for leave to amend her complaint. And a late amendment now certainly prejudices Defendant, which has moved for summary judgment. *See Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) ("This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment." (collecting cases)); *see also Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990)

("[t]o grant ... leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint.... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." (quoting from and then affirming United States District Judge Sidney Fitzwater's opinion) (internal quotation marks omitted)). Moreover, the statutes that Plaintiff seeks leave to amend to add have been considered by the undersigned in making these findings and recommendations. And, as explained above, the cross-motions for summary judgment are governed by and have been considered under Federal Rule of Civil Procedure 56. Texas Rule of Civil Procedure 166a(c) does not apply. Any further "declaration" is unnecessary and Plaintiff's request for leave to file another amended complaint should be denied.

Alternatively, Plaintiff requests a summary jury trial to determine only the issue of the truthfulness and accuracy of Plaintiff's live pleading, deposition testimony and sworn affidavit evidence. According to Plaintiff, Defendant asserts that Plaintiff's live pleading and summary judgment evidence should or can be disregarded by the Court. The undersigned does not so construe Defendant's challenges to Plaintiff's live pleading and summary judgment evidence, and the undersigned has considered Plaintiff's live pleading and summary judgment evidence in making these findings and conclusions. Plaintiff also misconstrues the summary judgment standards and conclusively states that Texas state law, not federal law, applies.

Alternatively, Plaintiff seeks either a trial setting or a referral to continuing

mediation while the summary judgment motions are pending. Because the undersigned recommends that Defendant's motion for summary judgment should be granted, which would result in a final judgment in this case, the relief sought in the omnibus motion should be denied.

## Recommendation

The Court should grant Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC's Motion for Summary Judgment [Dkt. No. 108]; deny Plaintiff Marsha Chambers's Motion for a Partial No-Evidence Summary Judgment or Alternatively a Partial Traditional Summary Judgment on Just the Finding of the Defendant's Liability to the Plaintiff as a Matter of Law on the Business and Commerce 27.01 and 305.053 Claims and Leaving the Amount of Damages Open for the Jury to Determine [Dkt. No. 111] and Advisory to the Court that Plaintiff Seeks Leave to File a Motion and to Establish Right of Survivorship in This Pending Action [Dkt. No. 125]; and dismiss Plaintiff Marsha Chambers's remaining claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE