IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-CV-1879-M-BN |
| | § | |
| GREEN TREE SERVICING LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated May 11, 2017, *see* Dkt. No. 128, and Plaintiff Marsha Chambers's objections, *see* Dkt. No. 130, the Court sustains Plaintiff's objections in part and otherwise accepts the Findings, Conclusions, and Recommendation of the Magistrate Judge as explained below.

The Telephone Consumer Protection Act (the "TCPA") makes it unlawful for any person in the United States "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). Texas Business and Commerce Code § 305.053 provides a cause of action for violations of the TCPA, 47 U.S.C. § 227. *See* TEX. BUS. & COM. CODE § 305.053.

Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC argues that Plaintiff cannot marshal evidence to support her Section 305.053 claim and, in

particular, her allegations that Defendant called her via "automated telephone equipment" and "without the prior express consent of the called party." The magistrate judge concluded that, where Plaintiff did not allege in her original petition that she asked Defendant not to contact her or that she revoked her consent to be contacted, Plaintiff's verified allegations that fail to mention revocation of consent in 2005 are admissible statements against interest. The magistrate judge also explained that Plaintiff has not produced competent summary judgment proof that Defendant used automated telephone equipment to contact her and that, while Plaintiff includes an unauthenticated call log in her summary judgment evidence, she fails to identify which, if any, of the calls were automated. The magistrate judge concluded that Plaintiff's self-serving and uncorroborated contention that she revoked consent is contradicted by the overwhelming evidence in the record and that Plaintiff has not raised a genuine dispute of material fact as to whether she revoked consent.

To begin with, the United States Court of Appeals for the Fifth Circuit recently decided to publish its decision in *Austin v. Kroger Texas, L.P.*, ___ F.3d ___, No. 16-10502, 2017 WL 1379453 (5th Cir. Apr. 14, 2017), in which the Court of Appeals reminds courts in a footnote that "a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*" but that "a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." 2017 WL 1379453, at *8 n.10 (emphasis in original). Defendant's Motion for Summary Judgment asserts that Plaintiff "lacks evidence for at least one element of" her Section

305.053 claim and then discusses only the element of lack of consent. Dkt. No. 109 at 5, 15-20. Defendant did not point to a lack of evidence to establish the "automated" element in its Motion for Summary Judgment but rather only, for the first time, in reply. *See* Dkt. No. 124 at 3. That is too late and does not provide a proper basis for granting summary judgment in Defendant's favor on Plaintiff's Section 305.053 claim.

Otherwise, in support of summary judgment on Plaintiff's Section 305.053 claim, Defendant primarily argued that Plaintiff's evidentiary admission against interest supports a conclusion that Defendant has established that there is no genuine dispute as to any material fact on the essential element of revocation of consent. The Court disagrees. In *Dewan v. M-I, L.L.C.*, ___ F.3d ___, No. 16-20182, 2017 WL 2324703 (5th Cir. May 30, 2017), in the related but distinct context of a defendant's moving for summary judgment on its own affirmative defense, the Fifth Circuit recently made clear that drawing inferences from facts is not what a court properly does when deciding a summary judgment motion and that a party's "self-serving" testimony is not to be discounted in deciding summary judgment. The Court determines that – when considering all evidence and viewing all facts and drawing all reasonable inferences in the light most favorable to Plaintiff and resolving all disputed factual controversies in her favor – Plaintiff's evidence that she revoked consent is sufficient to show a genuine issue for trial on the factual issue of whether Defendant called Plaintiff without her express consent. And, as noted above, that is the only element of Plaintiff's Section 305.053 claim that Defendant's Motion for Summary Judgment placed at issue.

Accordingly, the Court determines that Defendant's Motion for Summary

Judgment [Dkt. No. 108] must be denied as to Plaintiff's Section 305.053 claim – but so, too, must Plaintiff's Motion for a Partial No-Evidence Summary Judgment or Alternatively a Partial Traditional Summary Judgment on Just the Finding of the Defendant's Liability to the Plaintiff as a Matter of Law on the Business and Commerce 27.01 and 305.053 Claims and Leaving the Amount of Damages Open for the Jury to Determine [Dkt. No. 111]. Plaintiff has come forward with sufficient evidence to defeat summary judgment against her on her Section 305.053 claim. But, when drawing all reasonable inferences in Defendant's favor in deciding Plaintiff's summary judgment motion, Plaintiff has not – as she must to be entitled to summary judgment in her favor on her own claim – demonstrated that there are no genuine and material fact disputes as to whether she revoked consent. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

The Court otherwise determines that the magistrate judge correctly concluded that, as to Plaintiff's Texas Business and Commerce Code § 27.01 claim, summary judgment should be granted in Defendant's favor and Plaintiff's summary judgment motion should be denied and that Plaintiff's Advisory to the Court that Plaintiff Seeks Leave to File a Motion and to Establish Right of Survivorship in This Pending Action [Dkt. No. 125] should be denied except insofar as, because Plaintiff's Section 353.053 claim has survived summary judgment, the Court will set this remaining claim for trial by a separate order.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 128] are accepted in

part. Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC's Motion for Summary Judgment [Dkt. No. 108] is granted in part and denied in part; Plaintiff Marsha Chambers's Motion for a Partial No-Evidence Summary Judgment or Alternatively a Partial Traditional Summary Judgment on Just the Finding of the Defendant's Liability to the Plaintiff as a Matter of Law on the Business and Commerce 27.01 and 305.053 Claims and Leaving the Amount of Damages Open for the Jury to Determine [Dkt. No. 111] and Advisory to the Court that Plaintiff Seeks Leave to File a Motion and to Establish Right of Survivorship in This Pending Action [Dkt. No. 125] are denied, except insofar as the Court will set Plaintiff Marsha Chambers's remaining claim under Texas Business and Commerce Code § 305.053 for trial by a separate order; and Plaintiff Marsha Chambers's claim for violation of Texas Business and Commerce Code § 27.01 is dismissed with prejudice.

**SO ORDERED** this 20 day of June, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE