# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11202
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 22, 2018
Lyle W. Cayce
Clerk

MARSHA CHAMBERS,

          Plaintiff−Appellant,

versus

GREEN TREE SERVICING, L.L.C.,
and as a Subsidiary of Walter Investment Management Corporation;
Previously Known as Conseco Financial;
Currently Known as Ditech A. Walter Company and Any Unknown Parties
that Had Financial Interest in the 1998 Loan,

          Defendant−Appellee.

Appeals from the United States District Court
for the Northern District of Texas
No. 3:15-CV-1879

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

  Marsha Chambers, *pro se*, sued a loan servicer for alleged violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas Business and Commerce Code § 27.01. She claimed that the defendant falsely represented that she would be allowed to assume a particular note if she made six monthly payments. The district court granted the defendant's motion for summary judgment, concluding that Chambers made no showing that the defendant had made a false statement and that, alternatively, the claim is barred by limitations. The district court certified a final judgment under Federal Rule of Civil Procedure 54(b), finding that there was no just reason for delay in severing that part of the claim. The Section 27.01 claim is the only matter before the court in this appeal.

Regarding the Section 27.01 claim, the district court accepted the findings, conclusions, and recommendation of the magistrate judge. The record reflects that there was no misrepresentation. The defendant told Chambers that she would need to make the six payments, but Chambers, in deposition, admitted that she missed the February payment. The defendant's refusal to permit her to assume the loan was not a misrepresentation, because she admitted that she had not satisfied the precondition. The magistrate judge properly reasoned as follows:

> According to both Plaintiff's allegations and testimony, Defendant represented that Plaintiff could assume the Verm Note if she complied with certain conditions, and one of the conditions for assuming the Verm Note was that she must make the first six months of payments timely. There is no summary judgment evidence to support a finding that either of those representations was false. Instead, the evidence shows that Plaintiff failed to comply with the conditions precedent to assuming the Verm Note—the timely tendering of the first six payments.

The magistrate judge advised, in the alternative, that the Section 27.01 claim was barred by the four-year statute of limitations of Texas Civil Practice and Remedies Code § 16.051:

> Plaintiff testified that, in August 2006, "I knew . . . I didn't owe

2

> them money [and] did not have to pay [the defendant] any money . . . . Plaintiff also testified that she was aware her name was not on the loan documentation and, therefore, she know or should have known that she had not been allowed to assume the loan. Accordingly, the statute of limitations began to run in August 2006 and her claim, which was brought in 2015, is barred. [Ellipses in original.]

That is a sufficient alternative ground on which to sustain the summary judgment.

The district court was correct to accept the recommendation of the magistrate judge and to dismiss the Section 27.01 claim with prejudice on summary judgment. The judgment is AFFIRMED, essentially for the reasons properly explained by the magistrate judge.